UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RODNEY MITCHELL and NANCY MITCHELL
      Plaintiffs

vs.

Civil Action Number
11-CV-0684-S

JASON WHITENIGHT, STEVEN SIERK,
CITY OF BUFFAO POLICE and
CITY OF BUFFALO,
      Defendants
_____

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT**
**MOTION TO COMPEL DISCOVERY**

      Plaintiffs move this court pursuant to Rules 26(a) and 37(a) of the Federal Rules of Civil Procedure for an Order compelling Defendants to produce all documents relating to the employment of Defendant Jason Whitenight and Defendant Steven Sierk with the City of Buffalo Police Department, including but not limited to, complaints concerning their conduct as a police officer and law enforcement officer, disciplinary or internal law enforcement review of them as a police officer and law enforcement officer, performance evaluations and psychiatric evaluations, disciplinary records [hereinafter "personnel records"] as requested by Plaintiff in Plaintiff's Omnibus Discovery Demands and Plaintiff's Written Interrogatories, Set One, both dated September 6, 2012.  Defendants refused to produce the files and continue to fail to fulfill their discovery obligations.

      The Defendants' personnel records are relevant, reasonably calculated to lead to the discovery of admissible evidence, and clearly bear on issues involved

1

in this case. The production of these documents is relevant to proving the various claims that Plaintiffs' have made, in particular law enforcement Defendants' willful violation of Plaintiff Rodney Mitchell's constitutional rights and the liability of Defendants' superiors for failure to properly supervise and train them. This Court should order that the requested documents be produced.

## FACTS AND PROCEEDINGS

ON July 27, 2010, Defendant officers Jason Whitenight and Steven Sierk (the "Officers"), while acting within the scope of their employment of the Defendants City of Buffalo Police Department ("BPD") and City of Buffalo, did pull over a certain 2002 Chevy Blazer vehicle which was operated by Plaintiff Rodney Mitchell on Sycamore near Sweet in the City of Buffalo, County of Erie, State of New York. After stopping the 2002 Chevy Blazer vehicle, the Defendant Officers directed Plaintiff R. Mitchell to exit the vehicle thereby forcibly detaining him. After Plaintiff R. Mitchell exited the vehicle, the Defendant Officers attacked, hit, beat, punched and otherwise assaulted and battered Plaintiff R. Mitchell. The Defendant Officers arrested Plaintiff R. Mitchell thereby restraining him of his liberty until he was ultimately discharged.

After having been arrested, Plaintiff R. Mitchell was held in custody and restrained of his liberty for approximately 4 – 6 hours, when he was released after Defendant Officers issued an appearance ticket. The criminal complaint and prosecution were wholly ended and resolved in Plaintiff's favor with an order of the Court dismissing all charges. A traffic citation issued about a month after the incident was also dismissed. Plaintiffs brought the current suit to vindicate

2

their constitutional and civil rights, alleging claims against the Defendants under Fourth and Fifth Amendments of the Constitution, as well as other causes of action. See, Complaint.

This Court issued its Case Management Order on October 21, 2011 which contains certain deadlines for the progression of this litigation. On March 18, 2013, the Court extended the deadline for discovery to be completed by September 20, 2013.

## DISCOVERY REQUEST IN DISPUTE

Plaintiffs propounded their Written Interrogatories, Set One, dated September 6, 2012 and their Omnibus Discovery Demands, dated September 6, 2012, on the Defendants. See, Exhibits A and B. Plaintiffs' Written Interrogatories, Set One, include the following:

     2.    State whether any individual police officer or agent of the CITY OF BUFFALO conducted an investigation of the incident.

     If yes, state and describe:

     (a)    each individual who conducted the investigation;

     (b)    the investigation conducted by each individual, setting forth the role the individual played in the investigation;

     (c)    the dates on which the investigation started and on which it was concluded;

     (d)    each individual or witness who was interviewed or consulted during said investigation, setting forth the nature and contents of any statement given by said individual;

     (e)    any reports, memoranda, summaries and/or documents produced, generated or collected during said investigation;

3

(f) any photographs or physical evidence that was collected, gathered, generated or produced during said investigation;

(g) the outcome of said investigation, including both the decision rendered and any and all disciplinary actions or other consequences that followed as a result therefrom.

3. Identify, for each individually identified Defendant, and specifically Officers Whitenight and Sierk, any and all incidents for which that individual has been the subject of a police department investigation for misconduct, assaultive behavior or aggressive behavior. Also identify each incident in which a complaint was registered with the City, the Department or with anyone known to the Defendants in which either Officer Whitenight and/or Sierk allegedly used any physical force and/or undue physical force in apprehending, restraining, arresting or detaining a suspect whether that person faced formal criminal charges or not.

For each such incident identify and describe:

(a) the date of each incident or complaint;

(b) the subject matter of the investigation;

(c) the outcome of that investigation, including both the decision rendered and any and all disciplinary actions or other consequences that followed as a result therefrom.

4. As to the individually identified Defendants, have you ever been or are you currently the subject of or the defendant in any inquiry, complaint, disciplinary action, or other administrative action or lawsuit, either civil or criminal?

If so, please set forth:

(a) the name and address of each complainant/plaintiff;

(b) the name and address of each defendant;

(c) the nature of the cause of action;

(d) the date on which the action was instituted;

(e) the case number;

   (f) the name and address of the attorney for each party;

   (g) the date of trial or final disposition of the matter;

   (h) the final disposition of the matter;

 (i) the department, administrative body, or Court where such action was or is now pending.


Plaintiff's Omnibus Discovery Demands include the following request:

 7. **DOCUMENTS/TANGIBLE THINGS:** Production of copies of all papers, documents, electronically stored information and tangible things in your possession, custody or control that responsive to the demands set forth, as follows:

  (a) All information contained in the computer(s) that were/are maintained by the Internal Affairs Division of the CITY OF BUFFALO POLICE DEPARTMENT or any other division of the CITY OF BUFFALO POLICE DEPARTMENT concerning complaints made against Defendants WHITENIGHT and/or SIERK, including, but not limited to, the information which is retrievable by computer code.

  (b) Any and all records, reports, documents, or other writings (whether maintained manually or electronically) relating to injuries sustained by any civilian during or as a result of an arrest conducted by Defendant officers.

  (c) Any and all records, reports, documents, or other writings (whether maintained manually or electronically) pertaining to civilian complaints which allege abuse or excessive use of force by any police officer of the CITY OF BUFFALO POLICE DEPARTMENT for the period beginning January 1, 2002 to and including July 27, 2010, including the result of any charge, investigation or proceeding arising out of each such complaint.

  (d) Any and all records, reports, documents, or other writings (whether maintained manually or electronically) wherein a civilian was charged with assault against a police officer from the date January 1, 2002, to an including July 27, 2010.

  (e) Any records, interview, memoranda or other documents contained in or made a part of the personnel records or file of Defendant WHITENIGHT that were and/or are currently

maintained by the CITY OF BUFFALO Police Department including, but not limited to, complaints concerning his conduct as a police officer and law enforcement officer, disciplinary or internal law enforcement review of his as a police officer and law enforcement officer, performance evaluations and psychiatric evaluations.

(f) The complete personnel file, including the complete disciplinary record, for Defendant WHITENIGHT.

(g) Any records, interview, memoranda or other documents contained in or made a part of the personnel records or file of Defendant SIERK that were and/or are currently maintained by the CITY OF BUFFALO Police Department including, but not limited to, complaints concerning his conduct as a police officer and law enforcement officer, disciplinary or internal law enforcement review of his as a police officer and law enforcement officer, performance evaluations and psychiatric evaluations.

(h) The complete personnel file, including the complete disciplinary record, for Defendant SIERK.

(g) All information contained in the computer(s) that were/are maintained by the Internal Affairs Division of the CITY OF BUFFALO POLICE DEPARTMENT or any other division of the CITY OF BUFFALO POLICE DEPARTMENT concerning complaints made against Defendants by the Plaintiffs herein including, but not limited to, the information which is retrievable by computer code.

(i) Any and all records, reports, documents, or other writings (whether maintained manually or electronically) relating to complaints by the Plaintiffs herein as a result of an arrest conducted by Defendant officers.

Defendants objected to responding to these discovery devices on the basis that such information is deemed confidential pursuant to New York State Civil Rights Law §50-a and federal case law.  See, Exhibits C, D, E, F and G.

Plaintiff's counsel conferred with counsel for Defendantson December 10, 2012 with regard to the Defendants' responses and objections to Plaintiffs' Interrogatories and Discovery Demands.  At that time, opposing counsel

6

explained that he believed that the information/documentation sought was deemed confidential pursuant to New York Civil Rights Law § 50-a and that they would only produce documents responsive to this request pursuant to a court order.  Plaintiffs now file this motion for an order compelling discovery.

### LEGAL ARGUMENT

### Point I

### Plaintiffs are Entitled to Broad Discovery of Information Relevant to the Complaint

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense .. the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.".  Fed. R. Civ. P. 26(b)(1).

Courts have construed the term "relevance" broadly to encompass any matter that bears on, or reasonably could lead to other matters that could bear on, any issue that is or may be in the case.  *Oppenheimer Fund Inc. v Sanders,* 437 US 340, 351 (1978).  In a leading case, Judge Weinstein elaborated that "except for reasonable redactions of names and addresses to protect privacy or informer sources, plaintiffs in federal civil rights actions are presumptively entitled to recollections as well as documents on prior complaints and police history."  *King v Conde*, 121 F.R.D. 180 (EDNY 1988).

The general policy allowing broad discovery extends to personnel records. *McKenna v Inc. Vill of Northport*, 06 CV 2895, 2007 US Dist. LEXIS 50934 at 21 (EDNY 2007).  There, the court held that plaintiffs are presumptively entitled to

7

discovery of personnel documents in a civil rights action against police officers. In order to counter this federal policy favoring disclosure, defendants must make a "substantial threshold showing" that there are "specific harms likely to accrue from disclosure of specific materials." *Melendez v Greiner*, 2003 US Dist LEXIS 19084 (SDNY 2003), citing *King* test.

Provided that the defendants satisfy the first prong of the *King* analysis, the Court must then weight the factors in favor if disclosure versus those against disclosure. Factors in favor of disclosure "include the relevance of the documents to the plaintiff's case, their importance to the plaintiff's case, the strength of the plaintiff's case, and the importance disclosure to the public interest. *Cody v NYS Div. of State Police*, 2008 US Dist LEXIS 59095 (EDNY 2008) Discussing the balancing process, Judge Sullivan in *MacNamara v City of New York*, 249 FRD 70 (SDNY 2008) stated that, "in light of the great weight of the policy in favor of discovery in civil rights actions and the normal presumption in favor of broad discovery, defendants' case for nondisclosure or restricted disclosure must be extremely persuasive." (citing *King*, 121 FRD at 195).

In this case, the Defendants have made only a generalized objection under New York Civil Rights Law §50-a. They have failed to articulate any particular harm that would result from their disclosure. Therefore, the issue before the court is whether the personnel files contain information that is relevant to Plaintiffs' claims, Defendants' defenses, or to the subject matter involved in this action, and is reasonably calculated to lead to the discovery of admissible

8

evidence, and the court need not consider issues of confidentiality.[1] *See, McKenna*, 2007 US Dist. LEXIS 50934 at *9 (holding that because the police failed to establish any particular harm that would accrue if the records were disclosed, and made only a "generalized objection under New York Civil Rights Law" that the records were confidential, the plaintiffs were entitled to discover relevant information including any records of complaints of professional misconduct against the defendant police officers and their personnel records). *See also, Barrett v City of New York*, 237 FRD 39, 41-42 (EDNY 2006) (holding that all relevant materials which are reasonably calculated to lead to the discovery of admissible evidence should be discoverable.)

## POINT II

### The Personnel Files are Relevant to Material Issue in this Case

The Defendants' personnel records are relevant, reasonably calculated to lead to the discovery of admissible evidence, and clearly bear on issues involved in this case.  The production of these documents is relevant to proving the various claims that Plaintiffs have made, in particular the Defendant Whitenight's and Sierk's willful violation of Plaintiff R. Mitchell's constitutional rights and the liability of Defendants' superiors for failure to properly supervise and train them.

The personnel records requested by Plaintiffs are reasonably expected to contain, inter alia, information regarding any prior misconduct of and complaints against the Defendant police officers who participated in the arrest, detention or

---

[1] The Plaintiffs note that information of a personal nature included in the personnel files that is not relevant may be redacted, such as social security numbers, home addresses, telephone numbers, and medical information, prior to disclosure.

9

investigation of Plaintiff Rodney Mitchell. Indications of prior misconduct are relevant to the Defendant Officers' motive, intent, knowledge, or absence of mistake or accident and would be admissible under Fed. R. Evid. 404(b). *See generally, Session v Rodriguez*, 2008 US Dist LEXIS 43761 (holding that prior complaints in a defendant's disciplinary history were relevant if the conduct was similar). Indications of prior misconduct are also relevant to establish that the supervisors of the Defendant Officers are liable for failing to train and supervise them. *See, Hayut v State Univ. of NY*, 352 F3d 733, 753 (2d Cir. 2003)

The personnel records requested by Plaintiffs are relevant if they contain any indication that Defendant Officers have engaged in or been investigated for conduct similar to their conduct in the current case. In the present case, Defendant officers unlawfully detained, arrested, beat and assaulted Plaintiff R. Mitchell. Defendant Officers arrested Plaintiff R. Mitchell without probable cause and/or seized him without reasonable suspicion. The actions of the Defendant Officers was intentional, willful and unwarranted, without any provocation or just cause and intentionally or negligently inflicted physical harm and emotional distress upon the Plaintiff.

Personnel records of Defendants responsible for Plaintiff's arrest and detention are relevant to the extent they establish a history of a disregard for constitutional protections. S*ee, e.g., Unger v Cohen*, 125 FRD 67 at *70 (SDNY 1989); *Moore v City of New York*, 2006 U. S. Dist. LEXIS 24307 (EDNY 2006). Additionally, prior complaints against Defendant officers or other incidents of

misconduct might lead to the discovery of names of individuals who could produce admissible evidence.

Many decisions within the Second Circuit hold that personnel records of law enforcement officers who are defendants in a civil rights suit are subject to discovery. For instance, in a 2008 decision, Magistrate Judge Martinez considered whether a defendant police officer's disciplinary history is discoverable. *Session v Rodriguez*, 2008 US Dist LEXIS 43761 (2008). In that civil rights action against the police, the court held that "police internal investigations files are discoverable when the involve allegations of similar conduct." *Id* at *4.

In a Section 1983 action alleging a police officer used excessive force, Judge Barbara A. Lee concluded that personnel records and records pertaining to civilian complaints were relevant and should be produced in their entirety. *Unger v Cohen*, 125 FRD 67 at *70 (SDNY 1989). The court held that the officer's training records, evaluations and disciplinary records were relevant because the offending conduct occurred while the officer was on-duty. *Id.* The personnel records of the Defendant Officers responsible for Plaintiff R. Mitchell's arrest are similarly relevant to their on-duty conduct. *See, id.,* at 68-69. *See also, McKenna*, 2007 US Dist. LEXIS 50934 at *9 (granting motion to compel production of defendant police officers' personnel records and any records of complaints of professional misconduct against them without stating grounds for relevance).

11

The Court in *Unger*, also held that civilian complaints were relevant because they might contain names of other individuals whose rights had been violated by the officer, which in turn might lead to admissible evidence. *Id* at *69. Similarly, in the instant case, any records of prior misconduct by the Defendant Officers responsible for Plaintiff's arrest might lead to evidence relating to intent, knowledge, absence of mistake or pattern. On that theory, Judge Cardinale ordered production of employment records concerning acts of police misconduct, including acts that occurred after the incident, because they might be relevant to issues of intent, absence of mistake or pattern. *Moore v City of New York*, 2006 U. S. Dist. LEXIS 24307 (EDNY 2006)

      The personnel files are relevant to supervisor liability claims Plaintiffs intend to pursue against the City of Buffalo Police Department and the City of Buffalo. The information in the personnel files about employee evaluations, prior misconduct, or other evidence of disregard for proper procedure should be produced because it is relevant to the questions of whether the supervisors within the City of Buffalo Police Department and the City of Buffalo created a policy or custom allowing such misconduct, whether they were negligent in supervising their subordinates, and whether the supervisors failed to act on information that constitutional rights were violated. *See, Hayut v State Univ. of NY*, 352 F3d 733, 753 (2d Cir. 2003) (holding relevant issues a to supervisor liability to include, inter alia, whether the supervisor: (1) created a policy or custom under which the violation occurred, (2) was grossly negligent in supervising subordinates who committed the violation, or (3) was deliberately

indifferent to the rights of others by failing to act on information that constitutional rights were being violated). Similarly, information in the personnel files of the Defendants in this action pertaining to training is relevant to determine what policies and customs the supervisors established regarding constitutional rights.

## CONCLUSIONS

The personnel files are highly relevant to the claims presented in this case. Thus, the documents should be discoverable under Fed. R. Civ. P. 34(a). This Court has broad discretion to compel discovery under Fed. R. Civ. P. 37 and so Defendants should be ordered to produce all portions of the personnel files that contain relevant information and respond to the corresponding Interrogatories.

s/ David R. Addelman

_____
David R. Addelman P.C.
Attorney for Plaintiffs,
Rodney Mitchell & Nancy Mitchell
69 Delaware Avenue, Suite 602
Buffalo, New York 14202
Tel. (716) 856-4118
da@addelmanlaw.com

TO:   Timothy A. Ball, Corporation Counsel
      City of Buffalo
      Attorney for Defendants
      Attn; Carmen J. Gentile, Assistant Corporation Counsel
      65 Niagara Square
      1100 City Hall
      Buffalo, New York 14202-3379