UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RODNEY MITCHELL and NANCY MITCHELL,

                Plaintiffs,

v.

JASON WHITENIGHT, STEVEN SIERK,          11-CV-0684S(Sr)
CITY OF BUFFALO POLICE and
CITY OF BUFFALO,

                Defendants.

---

### DECISION AND ORDER

This case was referred to the undersigned by the Hon. William M. Skretny, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters.  Dkt. #5.

Plaintiff commenced this action, pursuant to 42 U.S.C. § 1983, alleging that on July 20, 2010, Jason Whitenight and Steven Sierk, acting in the course of their employment as law enforcement officers with the City of Buffalo Police Department, pulled over a 2002 Chevy Blazer operated by plaintiff, Rodney Mitchell, directed plaintiff to exit the vehicle and assaulted him.  Dkt. #1.

Currently before the Court is plaintiffs' motion, pursuant to Rules 26(a) and 37(a) of the Federal Rules of Civil Procedure, to compel answers to interrogatories, compel production of documents and compel a response in deposition regarding the individual defendants' disciplinary history and prior complaints of use of excessive force.  Dkt. #18.

Defendants oppose disclosure of this information as protected by New York State Civil Rights Law § 50-a[1] and federal case law. Dkt. #22, ¶ 6.

"Discovery in civil litigation pending in a federal court is governed by the Federal Rules of Civil Procedure." *von Bulow by Auersperg v. Von Bulow*, 811 F.2d 136, 141 (2d Cir.), *cert. denied sub nom. Reynolds v. Von Bulow*, 481 U.S. 1015 (1987); *See King v. Conde*, 121 F.R.D. 180, 187 (E.D.N.Y. 1988) ("New York state law does not govern discoverability and confidentiality in federal civil rights actions."). As a result, defendants' reliance upon New York Civil Rights Law § 50-a "is misplaced in this § 1983 action, and that state statute does not determine the parameters of the 'privilege' invoked by defendants in this case." *Martin v. Lamb*, 122 F.R.D. 143, 145 (W.D.N.Y. 1988); *See Worthy v. City of Buffalo,* No. 11-CV-872, 2013 WL 5574624, at *3 (W.D.N.Y. Oct. 9, 2013) ("It is undisputed that under federal law, New York Civil Rights Law § 50-a does not prohibit discovery of police personnel documents.").

In accordance with principles of federalism and comity, however, federal courts consider the legislative intent prompting enactment of New York Civil Rights Law § 50-a and effectuate that intent to the extent that it does not impede federal interests. *King*, 121 F.R.D. at 187. As stated by the New York Court of Appeals, "the legislative intent underlying the enactment of § 50-a was *narrowly specific*, 'to prevent time

---

[1] New York Civil Rights Law § 50-a provides that "personnel records used to evaluate performance toward continued employment or promotion, under the control of any police agency . . . shall be considered confidential and not subject to inspection or review without the express written consent of such police officer . . . except as may be mandated by lawful court order."

consuming and perhaps vexatious investigation into *irrelevant collateral* matters in the contest of a civil or criminal action, and to avoid embarrassment and harassment of testifying officers by cross-examination concerning 'unsubstantiated and irrelevant' matters in their personnel files." *Martin,* 122 F.R.D. at 146 (emphasis added), *quoting Matter of Capital Newspapers v. Burns*, 67 N.Y.2d 562 (1986). Thus, New York Civil Rights Law § 50-a does not prevent disclosure of relevant evidence. *Martin*, 122 F.R.D. at 146-47, *citing King*, 121 F.R.D. at 192.

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." "However, pursuant to Rule 26(c), the court may limit discovery even if the information sought is relevant." *Tisby v. Buffalo General Hosp.*, 157 F.R.D. 157, 170 (W.D.N.Y. 1994); *Coyne v. Houss*, 584 F. Supp. 1105, 1109 (E.D.N.Y. 1984); *See* Rule 26(c) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."). Generally, the Court will direct the production of documents contained in the personnel file of an officer only if the documents are relevant to the claim and involved disciplinary action taken against the officer. *See Worthy*, 2013 WL 5574624, at * 4; *Rashada v. City of Buffalo*, No. 11CV873, 2013 WL 474751, at *4 (W.D.N.Y. Feb. 6, 2013) (collecting cases directing disclosure of documents relating to disciplinary action imposed on defendants for use of excessive force). In contrast, because unsubstantiated claims of excessive force are unlikely to lead to admissible evidence, such records are not generally ordered disclosed. *See Worthy*, 2013 WL 5574624, at * 4, quoting *Rashada v. City of Buffalo*, 2013 WL 474751, at *4.

**Interrogatory No. 2** asks whether an investigation was conducted regarding this incident and, if such an investigation was conducted, asks who conducted the investigation, who was interviewed during the investigation, what reports, photographs and physical evidence was gathered during the course of the investigation and what was the outcome of the investigation. Dkt. #18-1, p.8.

Defendants responded that this incident was referred to the Professional Standards Division now known as the Internal Affairs Division of the Buffalo Police Department but stated that information and documentation regarding the merits and contents of the investigation are deemed confidential by New York State Civil Rights Law § 50-a and federal case law. Dkt. #18-3, p.2.

As this interrogatory seeks information relevant to the investigation of the incident underlying this lawsuit, defendants shall respond to this interrogatory.

**Interrogatory No. 3** seeks information regarding any police department investigation of Officers Whitenight and Sierk for complaints of misconduct, assaultive behavior or aggressive behavior, including allegations that Officers Whitenight and Sierk used physical force in apprehending, restraining, arresting or detaining a suspect. Dkt. #18-1, p.8. Plaintiffs specifically seek the date of each such complaint; the subject matter of the investigation; and the outcome of the investigation.

Defendants responded that this information is deemed confidential by New York State Civil Rights Law § 50-a and federal case law. Dkt. #18-3, p.2.

As interrogatories are outside of the purview of New York State Civil Rights Law § 50-a, defendants' objection would be inapplicable even if that statute governed this federal action. *See King*, 121 F.R.D. at 196 (distinguishing interrogatories from document demands and determining that "items not constituting documentary records – such as the officers' own recollections – are . . . unprotected"). As a result, defendants shall respond to this interrogatory.

**Interrogatory No. 4** seeks information regarding any inquiry, complaint, disciplinary action or other administrative action or lawsuit, either civil or criminal, against Officers Whitenight and Sierk.

Defendants responded that this information is deemed confidential by New York State Civil Rights Law § 50-a and federal case law. Dkt. #18-3, p.2.

For the reasons set forth above, defendants shall respond to this interrogatory except that they need not disclose the address of the defendants in any such action.

**Discovery Demand No. 7** seeks documents relating to any complaints made against the individual defendants and any injuries sustained by civilians during the course of an arrest by the individual defendants; documents regarding any complaints against any law enforcement officer from January 1, 2002 to July 27, 2010; documents regarding all civilians charged with assault against a police officer from January 1, 2002 to July 27, 2010; defendant Whitenight's and defendant Sierk's

complete personnel files, including disciplinary action, performance reviews and psychiatric evaluations; and documents relating to complaints by plaintiffs to the internal affairs division. Dkt. #18-2, p.3.

In response to the document demand, defendants stated that all documents in their possession relating to this incident, *to wit*, use of force report; arrest/booking report; criminal information sheet; central booking form - case history; appearance ticket; mug shot; central booking/defendant information sheet; arrest data report; property form; CAD reports relating to audio transmissions; police report/resisting arrest form; and central police services printout, had been provided. Dkt. #18-6.

Plaintiffs' document demand is overly broad, however, defendants shall disclose any documents relating to the investigation of the incident set forth in the underlying complaint. In addition, defendants shall disclose, within 20 days of the entry of this order, any documents relating to any investigation and/or discipline of defendants for complaints of use of physical force in apprehending, restraining, arresting or detaining a suspect where such complaints were determined to be substantiated. To the extent that these documents contain personally identifying information beyond an individual's name (and badge number if the individual is a law enforcement officer), such personally identifying information may be redacted prior to disclosure. Furthermore, copies of defendants' performance evaluations for 2002 – 2011 shall be provided to the Court for *in camera* review within 20 days of the entry of this order.

At **deposition**, defendants refused to answer, upon advice of counsel, whether they had been involved in any incidents during the course of their employment which resulted in discipline or legal action.  Dkt. #18-7, p.7.  Defendants' counsel stated that because the question relates to information contained within the personnel file of a municipal police officer in the State of New York, it is privileged pursuant to New York State Civil Rights Law Section 50-a.  Dkt. #18-7, pp.7-8.  As reliance upon New York State Civil Rights Law Section 50-a to insulate defendants from deposition questions regarding their employment history is misplaced, defendants' objection to this line of questioning is overruled.

**SO ORDERED.**

DATED: Buffalo, New York
November 4, 2013

*s/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**